UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRAVIS D. FONNESBECK,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ELKO COUNTY SHERIFFS DEPARTMENT, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:18-cv-00347-MMD-WGC<br><br>**ORDER** |

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 3) and pro se Complaint (ECF No. 1-1).

## **I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,*

335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $30, and his average monthly deposits were $30.

Plaintiff's application to proceed IFP is granted. He is required to pay an initial partial filing fee in the amount of $6 (20 percent of $30). Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## **II. SCREENING**

**A. Standard**

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

In addition, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1    A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff, who is currently housed in the Davis County Jail in Utah, has filed a Complaint that names as defendants Elko City Police Department, NDI, Elko County Sheriff's Department, the State of Nevada, and unidentified officers. (ECF No. 1-1 at 1-3.)

In Count I, Plaintiff asserts claims for harassment, conspiracy and discrimination. (*Id*. at 6.) He alleges that he went to Elko to visit his children on August 18, 2017, and was pulled over and told by the Elko City Police officers that he needed to leave town. (*Id*. at 6.) He bought a used motorhome and parked it in the Motel 6 parking lot, and he claims NDI wanted to illegally search it but he refused. (*Id*.) NDI impounded the motorhome and found nothing illegal in it, and he paid $700 to get it out of impound. (*Id*.) Then, he alleges that Elko City Police ran his name twice a day every day, and then came to harass him in the Red Lion and arrested him. (*Id*.) He was booked on sixteen felonies, even though the police report states that they found nothing on him. (*Id*.) He was detained for eleven days and taken to court. (*Id*.) He alleges that his paperwork was backdated, and the charges were not filed until two days after his release. (*Id*.) He goes on to allege that two officers from Elko Police saw him walking across the Wal-Mart parking lot, and sped over to him and beat him, breaking three ribs, and threatened his life. (*Id*.) He was arrested for trespass and resisting arrest. (*Id*.)

He went into Wal-Mart to have security come tell him that he was trespassing. (*Id*. at 4.) He had someone come from Utah to bail him out, and he was returned to Utah. (*Id*.) On December 12, 2017, NDI listed him on Nevada's "10 most wanted list." (*Id*.) He claims the charges asserted against him by NDI are false.

In Count II, he asserts a claim for conspiracy between the defendants. (ECF No. 1-1 at 7.)

In his request for relief, he seeks dismissal of all charges filed or to be filed against him, reimbursement of fees, including attorney's fees, pertaining to his case, reimbursement of fees

spent on therapy and mental anguish, monetary compensation, including for the loss of valuables such as his motorhome, and therapy for his children stemming from this incident, as well as relieving the responsible individuals from their jobs. (*Id.* at 8.)

Preliminarily, the court notes that Plaintiff has not named a viable defendant. Under Nevada law, "in the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be sued." *Wayment v. Holmes*, 112 Nev. 232, 237-38, 912 P.2d 816, 819 (Nev. 1996). The City of Elko and/or Elko County (instead of the Elko Police Department or its divisions or the Elko County Sheriff's Department) might be proper parties, but "a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc), *cert. denied*, 137 S.Ct. 831 (Jan. 23, 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Instead, "a plaintiff must show that a 'policy or custom' led to plaintiff's injury." *Id.* (citing *Monell*, 436 U.S. at 694). The plaintiff must demonstrate that the policy or custom reflects deliberate indifference to constitutional rights. *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)). Bare bones allegations of municipal liability are insufficient. *Sandoval v. Las Vegas Met. Police Dept.*, 756 F.3d 1154, 1168 (9th Cir. 2014). As such, any amended pleading that names the City and/or County must include specific factual allegations supporting a claim of liability against the City and/or County, as outlined above.

Plaintiff also names the State of Nevada and NDI, Nevada's investigative division. States are not persons for purposes of section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). A governmental agency that is an arm of the state is not a person subject to suit under section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). Therefore, Plaintiff may not proceed against the State or NDI.

Insofar as the factual allegations are concerned, Plaintiff asserts that he was harassed and discriminated against. He provides no indication of what the basis of the discrimination was so the court can evaluate whether he states a viable claim. Nor does he invoke a specific constitutional right he claims was violated by the alleged harassment by the defendants. It is unclear exactly what claims for relief Plaintiff seeks to assert here. He mentions facts that might give rise to a Fourth

Amendment claim of unreasonable search and seizure or excessive, but it is not readily apparent from the complaint that he wants to pursue those claims here. Count I is dismissed, but Plaintiff has leave to amend. Any amended complaint shall identify the proper defendants and connect them with factual allegations and identify what constitutional rights he claims were violated.

To the extent Plaintiff seeks to include a federal claim for conspiracy to violate his rights under section 1983, the elements of such a claim are: (1) an agreement or meeting of the minds to violate constitutional rights, and (2) an actual deprivation of those rights resulting from the alleged conspiracy. *Franklin v. Cox*, 312 F.3d 423, 441 (9th Cir. 2002). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id*. at 441 (internal quotation marks and citation omitted). Plaintiff has not included any *facts* about how the defendants conspired to violate his rights. Therefore, this claim is also dismissed with leave to amend.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 3) is **GRANTED**; however, Plaintiff is required to pay, through NDOC, an initial partial filing fee in the amount of $6, within thirty days of the entry of any order adopting and accepting this Report and Recommendation. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk shall **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons**, P.O. Box 7011, Carson City, NV 89702.

(2) The Complaint (ECF No. 1-1) shall be **FILED**.

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff has **THIRTY (30) DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint shall be complete in and of itself without reference to any previous complaint. Any allegations, parties or requests for relief from prior pleadings that are not carried forward in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended

complaint within the time period prescribed, the action may be dismissed.

DATED: August 8, 2018.

                                           _____
                                           WILLIAM G. COBB
                                           UNITED STATES MAGISTRATE JUDGE