## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRAVIS D. FONNESBECK, | 3:18-cv-00347-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF Nos. 5, 12 |
| ELKO COUNTY SHERIFF'S DEPARTMENT, *et al.*, | |
| Defendants. | |

Before the court are Plaintiff's Motions for the Appointment of Counsel (ECF Nos. 5, 12). Plaintiff claims he "is having real trouble getting the info from Elko Co. Sheriffs that I believe is detramental (sic) to my case." (ECF No. 5.) Plaintiff states "I'm not sure who I need to write in order to obtain video tapes/recordings from Red Lion Casino, Walmart, and Police Reports as I am not getting any responses." (*Id.*)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims

in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to articulate his claims. (ECF Nos. 1, 5, 12.)

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

Although Plaintiff's complaint was dismissed with leave to amend (ECF No. 8), the substantive claims involved in this action are not unduly complex.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims. In fact, Plaintiff's motions (ECF Nos. 5, 12) contain *no* discussion of why Plaintiff believes he will prevail in this action. That flaw alone is fatal to Plaintiff's request for this court to exercise its discretion to appoint counsel.

While any *pro se* inmate such as Mr. Fonnesbeck would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the Court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Those exceptional circumstances do not exist in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's motions (ECF Nos. 5, 12).

**IT IS SO ORDERED.**

DATED: August 20, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE