# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TRAVIS D. FONNESBECK, | 3:18-cv-00347-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 25 |
| ELKO COUNTY SHERIFF'S DEPARTMENT, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 25).[1] Plaintiff states that "while incarcerated in the Utah State Prison System, I don't have access to a law library, they don't exist here. They have contract attorney's that we write to if we have questions. But when I write to them this is the response I get. 'Per your recent correspondence, assisting with out of state litigation and/or after the filing of the initial pleading is beyond the scope of our contract.' So this case is both valid and absoluty (sic) complex when I don't have access to any law books or even access to any forms, for instance a court approved civil rights form for my amended complaint." (*Id.*)

The court notes that the Clerk of Court sent Plaintiff a copy of the Local Rules of Practice for the District of Nevada on August 13, 2018 (ECF No. 10). The Clerk of Court also sent Plaintiff a civil rights complaint form on August 20, 2018, pursuant to the court's order (ECF No.13).

///

---

[1] This is actually Plaintiff's fourth request for appointment of counsel. *See*, ECF Nos. 5, 12, denied on 8/20/18 in ECF No. 14; ECF No. 22, denied on 9/10/18 in ECF No. 24.

As discussed in this court's prior order denying Plaintiff's motions for appointment of counsel (ECF No. 14), a litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

As this court also advised Plaintiff when it denied Plaintiff's earlier motions for appointment of counsel (ECF No. 14), a finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to articulate his claims. (ECF Nos. 1, 5, 12, 16.)

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

Although Plaintiff's complaint was dismissed with leave to amend (ECF No. 8), the substantive claims involved in this action are not unduly complex.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims.

While any *pro se* inmate such as Mr. Fonnesbeck would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed.

*Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

Although the court recognizes the difficulties facing Plaintiff litigating a Nevada civil rights action while confined in a prison in Utah, the United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the Court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Those exceptional circumstances do not exist in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's motion (ECF No. 25).

**IT IS SO ORDERED.**

DATED: October 1, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3