1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8   TRAVIS D. FONNESBECK,       )       3:18-cv-00347-MMD-WGC

                               )

9           Plaintiff,       )       **ORDER**

                               )

10        vs.             )       Re:  ECF No. 30

                               )

11   ELKO COUNTY SHERIFF'S      )

   DEPARTMENT, *et al.*,        )

12                                  )

        Defendants.     )

13   _____)

14

15         Before the court is Plaintiff's amended complaint (ECF No. 30), which the court will screen

16   under 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A(a).

17                              **I. BACKGROUND**

18         Plaintiff filed his original complaint and application to proceed in forma pauperis (IFP) when he

19   was housed in the Davis County Jail in Utah. (ECF Nos. 1, 1-1.) The court granted his IFP application,

20   requiring him to pay an initial partial filing fee and the remainder of the fee over time. (ECF No. 8.) The

21   court also screened his original complaint. (*Id.*) The original complaint named as defendants Elko City

22   Police Department, NDI (Nevada Division of Investigation), Elko County Sheriff's Department, the

23   State of Nevada, and unidentified officers. He alleged that when he went to Elko in August of 2017, he

24   was pulled over by Elko police and told he needed to leave town. He bought a used motorhome and

25   parked it in a motel parking lot, which he claims NDI wanted to illegally search but he refused. NDI

26   impounded the motorhome and found nothing illegal in it, and he had to pay to get it out of impound.

27   He further alleged that Elko City Police harassed him and arrested him, and was detained for eleven

28   days. He also averred that officers from the Elko police saw him walking in a Wal-Mart parking lot, sped

over to him and beat him, breaking three ribs and threatened his life. He was arrested for trespass and

resisting arrest. NDI placed him on a most-wanted list, but he claimed the charges were false. The complaint also asserted a conspiracy claim.

The court dismissed the original complaint with leave to amend because he did include sufficient factual allegations to state a claim against any defendant. (*Id*.) First, he did not name a viable defendant. He could sue the City or County, but not the police department or sheriff's department themselves under Nevada law. In addition, neither the State of Nevada nor NDI were proper defendants. The court explained that to the extent he asserted harassment and discrimination claims, he did not include sufficient facts to state colorable claims and did not make it clear exactly what constitutional claims he sought to assert.

Plaintiff has filed an amended complaint (ECF No. 30) which the court will screen. He now resides in the Elko County Jail. (ECF No. 31.)

## II. SCREENING

### A. Standard

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these

2

statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Amended Complaint**

The caption of the amended complaint names the Elko County Sheriff's Department, Elko County, NDI Detectives, and the City of Elko. (ECF No. 30 at 1.) The body of the complaint also includes Elko Sheriff's Department Sergeant Parry, the City of Elko, the County of Elko, an unnamed NDI detective, and two unnamed Elko Police Department officers. (*Id.* at 2-3.)

Plaintiff asserts that violations of the Freedom of Information Act (FOIA) are hindering him from gathering facts to include in his pleading. In particular, he contends that he could name the officers involved if Sergeant Parry would not refuse his information requests. He asserts that he needs scanner

transcript, booking information and incident reports to allege the pertinent facts.

Plaintiff then re-asserts the bare-bones facts that were included in the original complaint. He once again alleges he was illegally searched and harassed from August 17 to September 30, 2017, including being beaten in the Wal-Mart parking lot and the illegal search and impoundment of his motorhome by unidentified NDI officers. As with the first complaint, he asserts there was a conspiracy by the City and County of Elko to have him sent to prison or to have him harmed.

The court finds once again that Plaintiff has failed to state a colorable claim against any defendant. Elko County Sheriff's Department is not a proper defendant. *See Wayment v. Holmes*, 112 Nev. 232, 237-38, 912 P.2d 816, 819 (Nev. 1996). While the City of Elko and Elko County might be proper parties, Plaintiff has still not sufficiently stated a claim against them. Municipalities can be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-05 (1978). "In particular, municipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria,* --- F.3d ---, 2019 WL 405559, at * 8 (9th Cir. Feb. 1, 2019). A municipality may not be sued under a respondeat superior theory. *Id.* (citing *Monell*, 436 U.S. at 693-95). "A plaintiff must therefore show '*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights.'" *Id*. (quoting *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 415 (1997)). Plaintiff has not included these type of allegations against the City or County of Elko.

The only other defendant named at this point is Elko Sheriff's Department Sergeant Parry, whom Plaintiff only alleges is not giving him information requested under FOIA. Plaintiff's remedy, however, for an alleged refusal to respond to a proper FOIA request, is not a civil rights action under section 1983. Preliminarily, FOIA provides a right to citizens to access records from a *federal agency*. Plaintiff is complaining of a failure to respond to a records request made to an Elko County agency, not a federal agency. His recourse for the alleged refusal to respond to the records request made either under state or local law is not a federal civil rights claim against Parry in federal court.

In conclusion, Plaintiff fails to state a colorable claim for relief against any viable or identified defendant. Therefore, his amended complaint should be dismissed. Given Plaintiff's assertions that he

4

is actively seeking to discover the identity of the persons involved and additional facts, the court will dismiss the action without prejudice, but will administratively close this case. If Plaintiff discovers the pertinent information within the time frame to bring an action under the applicable statute of limitations (two years for section 1983 claims arising in Nevada), he may file a new action.

### III. CONCLUSION

The amended complaint is **DISMISSED WITHOUT PREJUDICE** and the Clerk shall **ADMINISTRATIVELY CLOSE** this action.

**IT IS SO ORDERED**.

DATED:  February 15, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

5